# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW),<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>Defendant. | Case No. 4:19-cv-00013<br><br>Hon. Benita Y. Pearson |

## GENERAL MOTORS LLC'S ANSWER TO COMPLAINT

Defendant, General Motors LLC ("GM," "the Company" or "Defendant"), by and through their attorneys, answers the Complaint filed by the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW," or "Plaintiff") as follows:

1. This is an action brought under §301 of the Labor Management Relations Act ("LMRA") 29 U.S.C. §185, for breach of a labor contract to which the Plaintiff, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW") and the Defendant, General Motors LLC (the "Company") are parties. The UAW brings this §301 action to remedy the Company's failure to honor its obligation to utilize Appendix A of the National Collective Bargaining Agreement, entitled Memorandum of Understanding Employee Placement, to staff the Fort Wayne Assembly Plant. There are approximately 1,000 employees with contractual seniority rights ("seniority employees") currently on layoff nationwide who have Appendix A rights, including 690 seniority employees laid off at Lordstown Assembly, many of whom have applied to transfer to openings at Fort Wayne Assembly. The Company, however, is

circumventing the parties' agreement on employee placement by employing temporary employees at Fort Wayne Assembly rather than transferring laid-off seniority employees under the provisions of Appendix A – Memorandum of Understanding Employee Placement.

**Answer:**  Defendant admits only that Plaintiff filed this action against Defendant and purports to assert claims under §301 of the Labor Management Relations Act ("LMRA") 29 U.S.C. §185. The remaining allegations in Paragraph 1 of the Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendant denies the allegations and avers that Plaintiff has failed to state a claim under any theory or statute.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this lawsuit pursuant to 29 U.S.C. §185 and 28 U.S.C. §1331.

**Answer:**  The allegations in Paragraph 2 of the Complaint constitute legal conclusions to which no responsive pleading is required.

3. Venue lies in this District pursuant to 29 U.S.C. §185 and 28 U.S.C. §1391(b).

**Answer:**  The allegations in Paragraph 3 of the Complaint constitute legal conclusions to which no responsive pleading is required.

## PARTIES

4. Plaintiff is a labor organization representing employees of an employer in an industry affecting commerce under 29 U.S.C. §185.

**Answer:**  The allegations in Paragraph 4 of the Complaint constitute legal conclusions to which no responsive pleading is required.

5. The offices of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America are at 8000 East Jefferson Ave., Detroit, MI 48214.

**Answer:** Upon publicly available information and belief, Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. The Defendant Company is a Delaware Corporation that employs various individuals represented by Plaintiff for the purpose of collective bargaining.

**Answer:** Denied as stated. Defendant admits only that it is a Delaware Corporation that employs certain individuals represented by Plaintiff for the purpose of collective bargaining.

7. The Company is an employer in an industry affecting commerce under 29 U.S.C. §185.

**Answer:** The allegations in Paragraph 7 of the Complaint contain legal conclusions to which no response is required.

8. The Company's principal offices are located at 300 Renaissance Center, Detroit, Michigan 48265, and it also has extensive operations within this District. The Company owns and operates the Lordstown Assembly plant in Lordstown, Ohio, Trumbull County.

**Answer:** Denied as stated. Defendant admits only that its principal offices are located at 300 Renaissance Center, Detroit, Michigan 48265 and that it is authorized to and conducts business in Ohio, including at an Assembly Plant located in Lordstown, Ohio.

## FACTS

9. The UAW and the Company are parties to a National Collective Bargaining Agreement (the "Agreement").

**Answer:** Admitted.

10.     The duration of the Agreement between the UAW and the Company is from October 25, 2015 until 11:59 p.m. (eastern time), September 14, 2019. A true and correct copy of the Agreement is attached as Exhibit A and is incorporated herein by reference.

**Answer:**  Admitted.

11.     The Agreement states in Appendix A – Memorandum of Understanding Employee Placement:

> It is recognized that the hiring of new employees in one location while there is a surplus of seniority employees in other locations is not in the best interest of the parties. Therefore, the parties will provide eligible seniority laid-off and active seniority employees an opportunity to relocate to UAW-GM facilities outside of their area, with particular emphasis on placing employees from closed or idled facilities.

Agreement, Appendix A, p. 169.

**Answer:**  The allegations in Paragraph 11 purport to refer to a written document, the terms of which speak for themselves.  Defendant denies the allegations in Paragraph 11, to the extent that they contradict or otherwise mischaracterize the writing referenced therein.

12.     The Agreement also states in Appendix A:

> Temporary Employees can be utilized, with approval of the National Parties, as vacation replacements and on other occasions such as, but not limited to, product launch, hunting season, and awaiting transfer of laid off employees from other locations.

See Agreement, Appendix A, Attachment B – Workforce Composition, Section C, p. 189.

**Answer:**  The allegations in Paragraph 12 purport to refer to a written document, the terms of which speak for themselves.  Defendant denies the allegations in Paragraph 12, to the extent that they selectively quote, contradict or otherwise mischaracterize the writing referenced therein.  In further response, Defendant states that Document No. 144 in the Agreement states in relevant part:

> In the event that a plant hires temporary employees without National Parties approval in accordance with Appendix A, Section VII, or in the event that a plant retains temporary

4

> employees past the approved period, such employees will become seniority employees. Temporary employees who become seniority employees under this provision will be given credit for time worked as a temporary.

See Agreement, Doc. No. 144 – Temporary Employees, p. 652.

13. On May 31, 2018, the UAW approved the Company's request to employ temporary employees (the "temporary group") at Fort Wayne Assembly through August 31, 2018 to support the launch of a new pickup truck.

**Answer:** Admitted.

14. The Company asked the UAW to agree to extend the employment of the temporary group until February 28, 2019. The UAW rejected this request and, instead, conditionally agreed to extend the temporary group through December 31, 2018 provided that the Company presented a plan to eliminate the temporary group by that date and transfer seniority employees to Fort Wayne Assembly under the provisions of Appendix A – Memorandum of Understanding Employee Placement.

**Answer:** Defendant admits that certain discussions occurred between the Company and the UAW at different points in time regarding different groups of temporary employees whose work related to particular temporary projects; and the discussions regarding certain temporary employees contemplated the potential continuation of their employment until approximately February 28, 2019; and different potential extensions of time pertaining to different groups of temporary employees were the subject of discussion and agreement(s) between the Company and the UAW at different points in time. Defendant denies each and every other allegation in paragraph 14 of the complaint.

15. On or around October 31, 2018, the Company presented a plan to the UAW which did not eliminate the temporary group until May 2019. In response, at the same meeting, the UAW

informed the Company that it would only approve the employment of the temporary group through November 30, 2018.

**Answer:** Defendant admits that, on or around October 31, 2018, discussions occurred between the Company and the UAW regarding certain temporary employees which contemplated the potential continuation of their employment, and Defendant admits that the UAW informed the Company on one or more occasions that the UAW did not agree to the continued employment of various temporary employees. Defendant denies each and every other allegation in paragraph 15 of the complaint.

16. By allowing the use of the temporary group through November 30, 2018, the UAW afforded the Company adequate time to transfer seniority employees to Fort Wayne Assembly in accordance with Appendix A – Memorandum of Understanding Employee Placement.

**Answer:** Defendant denies each and every allegation in paragraph 16 of the complaint.

17. On multiple occasions including, but not limited to, November 13, 2018 and by letter dated November 30, 2018, the UAW reiterated that the Company did not have the UAW's approval to employ the temporary group past November 30, 2018. Nevertheless, the Company continues to employ the temporary group instead of transferring seniority employees to Fort Wayne Assembly in accordance with Appendix A – Memorandum of Understanding Employee Placement.

**Answer:** Defendant admits that the UAW advised the Company on one or more occasions that the UAW did not agree to the employment of certain temporary employees later than November 30, 2018. Defendant also admits that the employment of various temporary employees continued after November 30, 2018. Defendant further states that the Company offered employment to certain laid-off employees in substitution for temporary employees at the Fort

Wayne Assembly plant. Defendant denies each and every other allegation in paragraph 16 of the complaint.

18. There are approximately 1,000 seniority employees on layoff nationwide who have Appendix A rights, including 690 employees laid off at Lordstown Assembly many of whom have applied to transfer to openings at Fort Wayne Assembly.

**Answer:** Defendant admits that, in or around late 2018, approximately 1,000 seniority employees represented by the UAW were on layoff status nationwide, including approximately 690 laid off employees who formerly worked in the Lordstown Assembly plant. Defendant further states that, of the latter group of 690 laid off employees from the Lordstown Assembly plant, approximately 245 employees applied for potential transfer to the Fort Wayne Assembly plant. Defendant denies each and every other allegation in paragraph 18 of the complaint.

## CLAIM FOR RELIEF
### (Breach of Contract, Under 29 U.S.C. §185)

19. The allegations in Paragraphs 1 through 18 above are re-alleged and incorporated herein by reference.

**Answer:** Defendant incorporates by reference its Answers to Paragraphs 1 through 18 above, as if set forth herein in their entirety.

20. The Agreement between the UAW and the Company including Appendix A – Memorandum of Understanding Employee Placement is a "contract [] between an employer and a labor organization representing employees in an industry affecting commerce" within the meaning of LMRA §301, 29 U.S.C. §185.

**Answer:** The allegations in Paragraph 20 of the Complaint constitute legal conclusions to which no responsive pleading is required.

7

21.     The Company violated the Agreement by extending the employment of the temporary group past November 30, 2018 without approval of the UAW.

**Answer:**  Denied.

22.     The Company violated the Agreement by employing the temporary group instead of transferring seniority employees to Fort Wayne Assembly in accordance with Appendix A – Memorandum of Understanding Employment Placement.

**Answer:**  Denied.

### Plaintiff's Prayer for Relief

WHEREFORE, the UAW respectfully requests that this Court:

> A. Find and declare that the Company is in breach of its contractual obligations under the Agreement by extending the employment of the temporary group past November 30, 2018 without approval of the UAW.
>
> B. Order the Company to cease using the temporary group, transfer seniority employees to Fort Wayne Assembly in accordance with Appendix A – Memorandum of Understanding Employee Placement and make affected seniority employees whole for all losses resulting from the Company's breach of contract, including, but not limited to, back wages, benefits, relocation allowances and seniority credit.
>
> C. Order such other and further relief as this Court may deem appropriate.

**ANSWER:**  Defendant denies that Plaintiff is entitled to any relief as requested or otherwise.

### **GENERAL DENIAL**

Defendant denies all allegations contained in Plaintiff's Complaint not specifically admitted herein.

### **DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES**

(1)     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

(2)     Plaintiff has failed to exhaust dispute resolution mechanisms for resolving contract-based disputes under the parties' collective bargaining agreement.

(3)     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

Defendant reserves the right to add other defenses as additional information is gathered during discovery.

WHEREFORE, Defendant respectfully requests that: (1) Plaintiff take nothing by this action; (2) judgment be entered in favor of Defendant and against Plaintiff on all causes of action; (3) Defendant be awarded its costs of suit incurred in this action; (4) Defendant be awarded attorneys' fees; and (5) the Court award Defendant such other and further relief as it deems appropriate.

Dated: February 7, 2019          Respectfully submitted,

*/s/ Allison N. Powers*
Allison N. Powers
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, 5th Floor
Chicago, Illinois 60601
Tel:  312.324.1000
Fax: 312.324.1001
allison.powers@morganlewis.com

Philip A. Miscimarra (*admitted pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive, Suite 500
Chicago, Illinois  60601
Tel: 312.324.1000
Fax: 312.324.1001
philip.miscimarra@morganlewis.com

W. John Lee (*admitted pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5210
Fax: 215.963.5001
w.john.lee@morganlewis.com

*Attorneys for Defendant*
*General Motors LLC*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF, which will transmit notice of such filing to all counsel of record.

>
> */s/ Allison N. Powers*
> Allison N. Powers